IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **J-RICH CLINIC, INC., d/b/a REAL PURITY,**<br><br>        Plaintiff,<br><br>v.<br><br>**COSMEDIC CONCEPTS, INC., d/b/a PHILOSOPHY, BIOTECH, INC., and PHILOSOPHY, INC.,**<br><br>        Defendants. | C.A. No. 02-CV-74324-PJK<br><br>Hon. John Corbett O'Meara<br>United States District Judge<br><br>Hon. Paul J. Komives<br>United States Magistrate Judge |
| **J-RICH CLINIC, INC., d/b/a REAL PURITY,**<br><br>        Plaintiff,<br><br>v.<br><br>**QVC, INC.,** *et al.*,<br><br>        Defendants. | C.A. No. 03-CV-71750-PJK<br><br>Hon. John Corbett O'Meara<br>United States District Judge<br><br>Hon. Paul J. Komives<br>United States Magistrate Judge |

**PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
<u>AND DISMISSAL OF ALL REMAINING COUNTERCLAIMS</u>**

**PLAINTIFF'S REQUEST FOR EXPEDITED BRIEFING AND
<u>RESOLUTION OF THE INSTANT MOTION</u>**

**SUMMARY JUDGMENT MOTION,** *in
J-Rich Clinic, Inc. d/b/a REAL PURITY v.
Philosophy, Inc.*, C.A. No. 02-CV-74324-PJK.

| | |
|---|---|
| Eric C. Grimm (P58990)<br>**CALLIGARO & MEYERING, P.C.**<br>20600 Eureka Road, Ninth Floor<br>Taylor, MI  48180<br>734.283.2727<br>Fax: 734.246.8635<br><br>*Counsel for Plaintiff,*<br>*J-Rich Clinic, Inc., d/b/a*<br>*Real Purity.* | Sid Leach, Esq.<br>Laura Zeman, Esq.<br>Cynthia Pillote, Esq.<br>**SNELL & WILMER, LLP**<br>One Arizona Center<br>400 East Van Buren<br>Phoenix, AZ 85004-2202<br>(602) 382-6000<br>Fax: (602) 382-6070<br><br>Herschel P. Fink, Esq.<br>**HONIGMAN MILLER SCHWARTZ & COHN**<br>2290 First National Bank Bldg.<br>Detroit, MI 48226<br>(313) 465-7400<br><br>*Counsel for All Defendants.* |

# ISSUES PRESENTED

I. Are all of the remaining counterclaims of Philosophy, Inc., Cosmedic Concepts, and Biotech, Inc. (collectively "Philosophy"), subject to dismissal as a matter of law because Plaintiff J-Rich Clinic, Inc., d/b/a REAL PURITY ("Real Purity") is (and has been conclusively adjudicated by this Court to be) the exclusive owner of the REAL PURITY™ trademark, and therefore, Philosophy – as a matter of law – cannot possibly establish the essential element of ownership of the mark?

II. Is Philosophy – which was afforded a full and fair opportunity to litigate the question of ownership of the REAL PURITY™ trademark, and which could not be bothered even to introduce a Rule 56(f) affidavit in response to Plaintiff's earlier summary judgment motion – collaterally estopped from claiming (as part of its counterclaims) that it – and not the Plaintiff is owner of the REAL PURITY trademark?

III. Since the only issue before the Court in this Motion is one the Court has already ruled upon – after analyzing the issue correctly and with great care – should the briefing and resolution of the same issue (insofar as it pertains to dismissal of the remaining counterclaims) be expedited?

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **J-RICH CLINIC, INC., d/b/a REAL PURITY,**<br><br>      Plaintiff,<br><br>v.<br><br>**COSMEDIC CONCEPTS, INC., d/b/a PHILOSOPHY, BIOTECH, INC., and PHILOSOPHY, INC.**,<br><br>      Defendants. | C.A. No.  02-CV-74324-PJK<br><br>Hon. John Corbett O'Meara<br>United States District Judge<br><br>Hon. Paul J. Komives<br>United States Magistrate Judge |
| **J-RICH CLINIC, INC., d/b/a REAL PURITY,**<br><br>      Plaintiff,<br><br>v.<br><br>**QVC, INC.,** *et al.*,<br><br>      Defendants. | C.A. No.  03-CV-71750-PJK<br><br>Hon. John Corbett O'Meara<br>United States District Judge<br><br>Hon. Paul J. Komives<br>United States Magistrate Judge |

**PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL OF ALL REMAINING COUNTERCLAIMS**

**PLAINTIFF'S REQUEST FOR EXPEDITED BRIEFING AND
RESOLUTION OF THE INSTANT MOTION**

Plaintiff, J-Rich Clinic, Inc., d/b/a REAL PURITY, respectfully prays for summary

judgment on all remaining counterclaims asserted by Defendants Philosophy, Inc., Cosmedic

Concepts, and Biotech, Inc. (collectively, "Philosophy").  Because the Court already has resolved the critical issue (namely, ownership of the REAL PURITY™ trademark, which is acquired by the first company to use the mark in commerce) – in its Opinion and Order Granting Plaintiff's Motion for Partial Summary Judgment (June 30, 2004) (Doc. Ent. 179) (copy attached as Exh. A) – Plaintiff also respectfully requests that the briefing and resolution of the instant Motion be accomplished on an expedited basis.

                       Respectfully submitted,

July 18, 2004                  /s/ Eric C. Grimm
                       Eric C. Grimm (P58990)
                       **CALLIGARO & MEYERING, P.C.**
                       20600 Eureka Road, Ste. 900
                       Taylor, MI  48180
                       734.283.2727
                       Fax: 734.246.8635

                       *COUNSEL FOR PLAINTIFF*
                       *J-RICH CLINIC, INC., d/b/a*
                       *REAL PURITY.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **J-RICH CLINIC, INC., d/b/a REAL PURITY,** <br><br> Plaintiff, <br><br> v. <br><br> **COSMEDIC CONCEPTS, INC., d/b/a PHILOSOPHY, BIOTECH, INC., and PHILOSOPHY, INC.,** <br><br> Defendants. | C.A. No. 02-CV-74324-PJK <br><br> Hon. John Corbett O'Meara <br> United States District Judge <br><br> Hon. Paul J. Komives <br> United States Magistrate Judge |
| **J-RICH CLINIC, INC., d/b/a REAL PURITY,** <br><br> Plaintiff, <br><br> v. <br><br> **QVC, INC.,** *et al.*, <br><br> Defendants. | C.A. No. 03-CV-71750-PJK <br><br> Hon. John Corbett O'Meara <br> United States District Judge <br><br> Hon. Paul J. Komives <br> United States Magistrate Judge |

**<u>SUPPORTING MEMORANDUM</u>**

In order to minimize repetition, the prior briefing submitted on the issue of "prior use" and the ownership of the REAL PURITY trademark (<u>see</u> Doc. Ent. 89, 90, 158), is respectfully incorporated by reference in its entirety, but will not be repeated here.

Plaintiff, J-Rich Clinic, Inc., d/b/a REAL PURITY, respectfully prays for summary

**SUMMARY JUDGMENT MOTION**, *in J-Rich Clinic, Inc. d/b/a REAL PURITY v. Philosophy, Inc.*, C.A. No. 02-CV-74324-PJK.

judgment on all remaining counterclaims asserted by Defendants Philosophy, Inc., Cosmedic Concepts, and Biotech, Inc. (collectively, "Philosophy"). Because the Court already resolved the critical issue (namely, ownership of the REAL PURITY™ trademark, which ownership is always acquired by the first company to use the mark in commerce), when the Court issued its Opinion and Order Granting Plaintiff's Motion for Partial Summary Judgment (June 30, 2004) (Doc. Ent. 179) (copy attached as Exh. A) – Plaintiff also respectfully requests that the briefing and resolution of the instant Motion be accomplished on an expedited basis.

On June 30, 2004, the Court dismissed one of the Counterclaims – namely, tortious interference with business relations. Each and every one of the remaining counterclaims asserted by Philosophy, includes – as an *essential* element – the requirement that Philosophy prove that it (and not the Plaintiff) is the owner of the trademark REAL PURITY™.

As a matter of law (since the issue already has been determined in Plaintiff's favor, and against Philosophy, as a matter of law), Philosophy cannot meet its burden with respect to any of the remaining Counterclaims. If Plaintiff Real Purity is the owner of the REAL PURITY™ trademark (and the Court also has held that there is no "concurrent" ownership), then, necessarily, Philosophy cannot meet its burden of proving that it owns a mark that belongs to someone else. Accordingly, because Philosophy necessarily cannot prove its ownership of the mark, all remaining counterclaims are necessarily subject to dismissal.

The Court's prior ruling in this regard could not possibly be more clear:

> In short, J-Rich has presented ample evidence to satisfy both its summary judgment burden of demonstrating an absence of material fact with respect to the priority issue [i.e., the identity of the owner of the REAL PURITY™ trademark, by virtue of becoming the first company

> to use the mark] and its substantive burden of demonstrating that it, in fact, used the "REAL PURITY" mark in commerce throughout the United States prior to Philosophy's federal [application for] registration. In response, Philosophy has failed to carry its burden of demonstrating that a genuine issue of material fact does exist by pointing to any evidence establishing such a factual issue. Accordingly, J-Rich is entitled to summary judgment on the priority issue.

Opinion and Order, at 15 (June 30, 2004) (Exh. A). Since this issue (the identity of the first user of the REAL PURITY™ mark) already has been conclusively determined, Philosophy and the other Defendants are conclusively barred from asserting that any of them are the "owner" of the mark. The law on this point also could not possibly be more clear:

> "One of the bedrock principles of trademark law is that trademark or 'service mark ownership is **not acquired by federal or state registration**. Rather, ownership rights flow **only** from prior appropriation and actual use in the market.'" Allard Enters., Inc. v. Advanced Programming Resources, Inc., 146 F.3d 350, 356 (6th Cir. 1998) (quoting Homeowner's Group, Inc. v. Home Marketing Specialists, Inc., 931 F.2d 1100, 1105 (6th Cir. 1991)) ("*Allard I*"). As the Sixth Circuit more recently explained:
>
>> The first to use a mark in the sale of goods or services is the "senior user" of the mark and gains common law right to [own] the mark in the geographic area in which the mark is used.
>>
>> Ownership rights flow **only** from prior use – either actual or constructive. Federal registration of a mark **cannot** create rights or priority over others who have previously used the mark in commerce . . . .
>
> Allard Enters., Inc. v. Advanced Programming Resources, Inc., 249 F.3d 564, 572 (6th Cir. 2001) . . . ("*Allard II*").

Opinion and Order, at 8 (June 30, 2004) (Exh. A) (emphasis added).

"Bedrock principle" is an *understatement*. The principle that ownership is

determined solely by prior use, and not by registration, is nearly two centuries old (if not older), and has uniformly been followed:

- by the United States Supreme Court, in numerous controlling decisions;
- by every single United States Circuit Court of Appeals (without exception);
- and by every highest court of every state, ever to consider the issue.

In the Sixth Circuit, in particular, this "bedrock principle" already has been established by repeated published, precedential, and controlling decisions of the Court of Appeals – and therefore the "bedrock principle" cannot even hypothetically be re-visited without convening the Sixth Circuit *en banc*. United States v. Clinton, 338 F.3d 483, 489 (6th Cir. 2003); United States v. Smith, 73 F.3d 1414, 1418 (6th Cir. 1996); Meeks v. Illinois Cent. Gulf R.R., 738 F.2d 748, 751 (6th Cir. 1984) ("[A] panel of this court may not overrule a previous panel's decision. Only [a]n *en banc* court may overrule a circuit precedent, absent an intervening Supreme Court decision."). Inasmuch as the Sixth Circuit – in order to substitute a hypothetical "registration rule" (as Philosophy proposes, when it repeatedly – and falsely – claims that the now-canceled Reg. No. 2,112,922 somehow made it "the owner" of someone else's mark) for the long-established bedrock "first use rule" – would have to depart from controlling Supreme Court precedent and place itself in disagreement with twelve other Circuits, we do not believe that Philosophy's legal position (i.e., urging the courts to abandon mountains of precedent and instead retroactively to adopt a "registration rule" instead of the "bedrock principle" cited by this Court in its June 30 decision) is even based on a "good faith argument for the . . . reversal of existing law." See FED. R. CIV. P. 11(b)(2).

The only argument that Philosophy makes (and ever has made) is a **bad-faith** argument, based Philosophy's persistent refusal to obey the same legal rules that apply to everyone else.  Philosophy and its management, in bad faith, continue to insist that they do not have to obey the "bedrock principle" like all the rest of us.

They insist that they get to play by completely different rules of their own choosing – including a "registration rule" that (they claim) permits them to declare themselves the "owner" of J-Rich's mark, on account of an application to register that was filed in 1986 (a **decade** after J-Rich became the owner of the mark in 1986 by using the mark in commerce).

There is no good-faith basis for the argument that Philosophy keeps pressing, and there never has been any good-faith basis for it.  The rule they refuse to accept is too-firmly established for any lawyer – ever – to have any "good faith" basis for urging any court to abandon the rule retroactively (which, in a nutshell, is Philosophy's entire argument).

Philosophy's management ought to have been told by their lawyers, in March or April, 2002, that their argument is a complete loser.  See Michael K. Kelly, *How Does a Business Trademark Their Name?*, THE PHOENIX BUS. J. (Jan. 20, 2000) (Exh. B) (article authored by an attorney, who served as counsel of record for Philosophy and other Defendants, containing the very same advice that they should have received, had they been properly-advised).

They *were* told, on February 10, 2003, by Judge O'Meara, that their position was a loser, from the standpoint of settled law.  See Doc. Ent. 30.  And, nevertheless, they have persisted in making the same (legally baseless) argument over and over again *ad nauseum*

– as if repetition somehow makes their position more valid the second or twentieth time they misrepresent the law to this court, than the first time they misrepresented the law to this Court. To the contrary, misrepresentations remain misrepresentations, even if often repeated.

In short, this Court's decision of June 30, 2004, in no way contains any news for Philosophy or its counsel – but only reaffirms what any reasonable person should have expected – well in excess of two years ago (when cease & desist letters first were sent).

Indeed – as illustrated by Mark and Cristina Carlino's deposition transcripts (dated July 7 and 8, 2004) – to this day, Philosophy's management petulantly persists in making the same tired old argument (over and over and over again, even after being confronted by this Court with the reality of the legal rule in force everywhere, for decades and decades). Moreover, in bad faith, and in violation of Fed. R. Civ. P. 37(a)(3), Philosophy's management insists and employing their faulty legal argument about "registration" as a tool for evading and disrupting legitimate discovery.

Both Mark and Cristina Carlino – unbelievably – said in their depositions that they want to take an appeal to the Sixth Circuit, and to try to persuade the appellate court to adopt their view of the law (they claim ownership comes from registration, not use), instead of the rule that has always governed, everyplace in the United States (including the Sixth Circuit, without exception). Their refusal to accept reality, and their insistence on putting the Plaintiff through the ordeal of protracted litigation – just because they want to play by

different rules than the rest of us[1] – is completely inexcusable, and by this point, they deserve to have sanctions imposed on them because of Rule 11(b)(2). Had they been out to do thee right thing, they would have stopped infringing before it became necessary to file any lawsuit. But, as their actions show, they are not out to do the right thing, but what they perceive to be profitable.

**Collateral estoppel requires the Counterclaims to be dismissed:** Each and all of the remaining counterclaims includes "ownership of the trademark" as an essential element. If Philosophy cannot establish its ownership of the trademark, then an essential element of each counterclaim is missing, and all counterclaims are subject to dismissal as a matter of law. As it turns out, said element is necessarily missing as a matter of law.

All of the elements of collateral estoppel are present: (1) the issue (ownership of the mark) is identical to the issue that the Court already has resolved in its July 30, 2004 Order; (2) the issue (ownership of the mark) was necessary and essential to this Court's June 30, 2004 Summary Judgment Order; (3) each of the Defendants is in privity with Philosophy, for purposes of this issue; (4) the issue (ownership of the mark) was actually litigated and decided, in the prior order; and (5) Philosophy (and all Defendants) had a "full and fair" opportunity to litigate the issue prior to June 30, 2004. See Parklane Hosiery Co. v. Shore,

---

[1] We think it is hardly an accident that every single package of the Infringing Product still includes the defiant statement, "we [philosophy] . . . perceive things as they should be, rather than how they are . . . ." Only, in this instance, the "way things ought to be" is already embodied in the "bedrock principle" of trademark law, and is the same as "how they are," and it is just too bad for Defendants, and for Mark and Cristina Carlino, that they don't like the rule that applies (and should apply) just as much to them as everyone else.

Page 7 of 10   **SUMMARY JUDGMENT MOTION**, *in J-Rich Clinic, Inc. d/b/a REAL PURITY v. Philosophy, Inc.*, C.A. No. 02-CV-74324-PJK.

439 U.S. 322, 326-27 (1976) (collateral estoppel doctrine has "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."). Despite a "full and fair" opportunity to litigate the issue of ownership of the mark (the summary judgment motion was filed in July, 2003, and not decided until June, 2004), Philosophy and its counsel (1) failed to introduce *any* evidence whatsoever, to put any facts at all into dispute, and (2) chose not even to submit any Rule 56(f) affidavit, thereby essentially conceding that no amount of discovery could have changed the anticipated outcome (and indeed, subsequent discovery has only provided Philosophy with more than 20,000 pages of cumulative evidence, that only reinforces the position that Plaintiff has taken all along).

**Alternatively, Rule 56(d) Requires Dismissal of the Counterclaims:** Of course, we do not have a final judgment yet (even though Philosophy has had a full and fair opportunity to litigate the issue of priority). To the extent that Rule 56(d), and not the collateral estoppel doctrine, now governs – either way, the issue of priority and ownership of the mark has been conclusively established already. Rule 56(d) says, "the court . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted[; and] shall thereupon make an order specifying the facts that appear without substantial controversy . . . [so] upon the trial of the action the facts so specified shall be deemed established,." The June 30 Order specifically states that the issue of priority is suitable for summary judgment, and therefore Rule 56(d) requires it to be "deemed established" for purposes of the counterclaims, as well. Therefore, because priority

Page 8 of 10

**SUMMARY JUDGMENT MOTION**, *in J-Rich Clinic, Inc. d/b/a REAL PURITY v. Philosophy, Inc.*, C.A. No. 02-CV-74324-PJK.

has been determined conclusively in Plaintiff's favor, all the remaining counterclaims need to be dismissed.

## CONCLUSION

For the foregoing reasons, all of the remaining Counterclaims should be dismissed, as a matter of law, without further ado.

Respectfully submitted,

July 18, 2004            /s/ Eric C. Grimm
Eric C. Grimm (P58990)
**CALLIGARO & MEYERING, P.C.**
20600 Eureka Road, Ste. 900
Taylor, MI  48180
734.283.2727
Fax: 734.246.8635

***COUNSEL FOR PLAINTIFF
J-RICH CLINIC, INC., d/b/a
REAL PURITY.***

Page 9 of 10

**SUMMARY JUDGMENT MOTION**, *in J-Rich Clinic, Inc. d/b/a REAL PURITY v. Philosophy, Inc.*, C.A. No. 02-CV-74324-PJK.

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion for Summary Judgment was electronically filed, through the Court's ECF service, on July 18, 2004, and was served by electronic mail on Defendants' counsel (Sid Leach and Herschel Fink) by electronic mail on July 18, 2004.

I certify that it will be served by First Class Mail, postage prepaid, on the following counsel of record, on July 19, 2004, along with a Notice of Electronic Filing:

| | |
|---|---|
| Eric C. Grimm (P58990)<br>**CALLIGARO & MEYERING, P.C.**<br>20600 Eureka Road, Ninth Floor<br>Taylor, MI  48180<br>734.283.2727<br>Fax: 734.246.8635<br><br>*Counsel for Plaintiff,*<br>*J-Rich Clinic, Inc., d/b/a*<br>*Real Purity.* | Sid Leach, Esq.<br>Laura Zeman, Esq.<br>Cynthia Pillote, Esq.<br>**SNELL & WILMER, LLP**<br>One Arizona Center<br>400 East Van Buren<br>Phoenix, AZ 85004-2202<br>(602) 382-6000<br>Fax: (602) 382-6070<br><br>Herschel P. Fink, Esq.<br>**HONIGMAN MILLER SCHWARTZ & COHN**<br>2290 First National Bank Bldg.<br>Detroit, MI 48226<br>(313) 465-7400<br><br>*Counsel for All Defendants.*<br><br>     /s/ Eric C. Grimm            |